# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) No. 11 CR 74 |
| MICHAEL HENDERSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the Government's motion to exclude hearsay statements. For the reasons stated below, the motion is granted.

## BACKGROUND

Defendant Michael Henderson (Henderson) was driving a van (Van) owned by Elberto Rosado (Rosado) when he was stopped for a traffic violation and subsequently arrested. Dexter Rodgers (Rogers) was a passenger in the Van. Police found a gun (Gun) in the Van. Henderson has been charged with being a felon in possession of a firearm in this case. A jury trial commenced on March 12, 2012, and on March 13, 2012, the Government rested its case-in-chief. Defense counsel for Henderson indicated that, as part of its defense, Henderson will call Rosado to testify

1

to the fact that Rogers told Rosado that Rogers found the Gun, kept it, and was going to bring it back to the residence that Rogers and Rosado shared (Testimony). The Government now moves to bar the Testimony by Rosado, contending that Rogers' statement to Rosado (Statement), even if actually made, is inadmissible hearsay. Henderson argues that the Testimony is admissible as a hearsay exception under Federal Rule of Evidence 804(b)(3) (Rule 804(b)(3)).

**LEGAL STANDARD**

Pursuant to Federal Rule of Evidence 802, hearsay is generally inadmissible. Fed. R. Evid. 802. Federal Rule of Evidence 801 defines hearsay as "a statement that . . . the declarant does not make while testifying at the current trial or hearing," and which is offered into "evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(a). As an exception to the hearsay rule, Rule 804(b)(3) provides that a hearsay statement is admissible if the declarant is unavailable and the statement is one "(A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability; and (B) is supported by corroborating

circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability." Fed. R. Evid. 804(b)(3).

## DISCUSSION

The Government moves to exclude the Testimony as inadmissible hearsay, and argues that Rule 804(b)(3) is inapplicable. For a hearsay statement to be admitted under Rule 804(b)(3), the proponent of the statement must show: "'(1) the declarant is unavailable as a witness, (2) the statement was against the declarant's penal interest when made, and (3) corroborating circumstances clearly suggest that the statement is trustworthy.'" *United States v. Jackson*, 540 F.3d 578, 588 (7th Cir. 2008)(citation omitted). The party seeking to introduce "the hearsay statement bears the burden of demonstrating that each of these elements is satisfied." *Id.* The Seventh Circuit has "emphasized that Rule 804(b)(3) *expressly* requires the exclusion of out-of-court statements offered to exculpate the accused unless there are corroborating circumstances that 'clearly indicate' the trustworthiness of the statement." *Id.* at 588-89 (citations omitted)(internal quotations omitted). When considering whether the hearsay statement is trustworthy, the court considers factors such as: "(1) the character of the witness for truthfulness and honesty, and the

availability of evidence on the issue; (2) whether the testimony was given voluntarily, under oath, subject to cross examination, and a penalty for perjury; (3) the witness' relationship with both the defendant and the government and his motivation to testify . . . ; (4) the extent to which the witness' testimony reflects his personal knowledge; (5) whether the witness ever recanted his testimony; (6) the existence of corroborating evidence; and (7) the reasons for the witness' unavailability. *United States v. Singleton*, 125 F.3d 1097, 1106 (7th Cir. 1997)(citations omitted).

There is no dispute that the first two elements of the test are satisfied. At issue is whether corroborating circumstances clearly suggest that the Statement is trustworthy. In the first instance, the Statement is incredible on its face. Henderson has not presented any reasonable explanation to show that it is plausible that Rogers found a loaded gun on the street. Rosado himself indicated in a statement to Government agents that the Statement did not make sense, which highlights the fact that such a scenario was unlikely. According to Rosado, Rogers allegedly voluntarily made the Statement to Rosado. However, even if the Statement was made, the totality of the circumstances indicates that the Statement was made to help Henderson out. *See United State v. Butler*, 71 F.3d 243, 252-54 (7th Cir. 1995)(considering relationship between declarant and defendant). Further,

4

Henderson has failed to point to sufficient corroborating evidence to suggest that the Statement is trustworthy. For example, Henderson has not provided any other corroborating statements from other witnesses or other evidence to show that the Statement is trustworthy. The facts indicate that if Rogers made the alleged Statement, he did so in a manner that would limit his exposure to criminal liability while still providing a defense for his associate. Henderson has cited cases in support of his argument to admit the Statement. However, as the Government has correctly pointed out, the cases orally cited by Henderson in support of admitting the Statement are distinguishable from the facts in this case. In addition, the additional cases cited by Henderson in his memorandum are also distinguishable. One of the major reasons for being distinguishable is that, in this case, there is not sufficient trustworthy corroborating evidence relating to the Statement.

Henderson argues that the Government will not be prejudiced because it can cross-examine Rosado. However, the fact that the Government can cross-examine Rosado does not provide them with an opportunity to test the truth of Rogers' Statement because the Government cannot cross-examine Rogers. Rule 804(b)(3) does not provide that hearsay evidence is admissible as long as the opponent can cross-examine the witness who heard the alleged hearsay statement. Henderson bears the burden to establish all the elements required under Rule 804(b)(3), and he

5

has failed to do so.

Henderson also argues that he has a due process right to introduce the Statement pursuant to *Chambers v. Mississippi*, 410 U.S. 284 (1973).  However, unlike in *Chambers* where corroborating evidence was presented, as discussed above, there has not been sufficient trustworthy corroborating evidence presented in this case relating to the Statement.  In addition, unlike in *Chambers*, even if the Statement is true, the Statement does not directly exculpate Henderson because Henderson could still be found guilty of the charge in this case.  Therefore, based upon the above, the Government's motion to exclude the hearsay statements is granted.

## CONCLUSION

Based on the foregoing analysis, the Government's motion to exclude the hearsay statements is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   March 14, 2012