# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) No. 11 CR 74 |
| MICHAEL HENDERSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Michael Henderson's (Henderson) post-trial motion for a judgment of acquittal. For the reasons stated below, the motion is denied.

## BACKGROUND

On March 12, 2012, a jury trial commenced in the instant action. On March 15, 2012, Henderson was found guilty by a jury on Count One, which charged Henderson with Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1). Henderson now moves for a judgment of acquittal.

1

## LEGAL STANDARD

A defendant in a criminal case who has been found guilty by a jury may move for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c) (Rule 29(c)). Fed. R. Crim. P. 29(c). If the defendant is challenging the sufficiency of the evidence presented at trial, the court must "consider the evidence in the light most favorable to the prosecution, drawing all reasonable inferences in the government's favor," and a "[r]eversal is appropriate only when, after viewing the evidence in such a manner, no rational jury 'could have found the defendant to have committed the essential elements of the crime.'" *United States v. Macari*, 453 F.3d 926, 936 (7th Cir. 2006)(quoting *United States v. Masten,* 170 F.3d 790, 794 (7th Cir. 1999)); *see also United States v. Moses*, 513 F.3d 727, 733 (7th Cir. 2008)(stating that "[a] district court should grant a motion for a judgment of acquittal only when there is insufficient evidence to sustain a conviction"); *United States v. Pree*, 408 F.3d 855, 865 (7th Cir. 2005)(stating that a motion for acquittal should be granted "only if, viewing the evidence in the light most favorable to the Government, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt").

## DISCUSSION

Henderson argues that there was not sufficient evidence at trial to show beyond a reasonable doubt that he knowingly possessed a firearm. The Seventh Circuit has stated that "[a] defendant who challenges the sufficiency of the evidence

faces a nearly insurmountable hurdle [in that] [the Court] consider[s] the evidence in the light most favorable to the Government, defer[s] to the credibility determination of the jury, and overturn[s] a verdict only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Gougis*, 432 F.3d 735, 743-44 (7th Cir. 2005)(internal quotations omitted)(quoting *United States v. Jackson*, 177 F.3d 628, 630 (7th Cir. 1999)).

Henderson argues that the arresting officers testified at trial that they never saw a firearm in Henderson's hand or on his person. The Government is not required to present direct evidence to establish every element of an offense. The Seventh Circuit has held that "a jury's verdict may rest solely upon circumstantial evidence." *United States v. Galati*, 230 F.3d 254, 258 (7th Cir. 2000)(internal quotations omitted)(quoting *United States v. Robinson*, 177 F.3d 643, 648 (7th Cir. 1999))(indicating in addition that "[s]tanding alone, the circumstantial evidence the government presented in th[e] case provides ample support for the jury's finding of guilt"). In this case, the Government presented ample circumstantial evidence showing that Henderson knowingly possessed a firearm. For example, the Government presented evidence showing that, after pulling over the van that Henderson was driving, police officers observed Henderson making sudden movements from his waistband area to the small of his back. The Government also presented evidence that after Henderson and a passenger exited the van, police officers recovered a handgun from the driver's side of the vehicle. In addition, the

3

Government presented evidence that Henderson confessed to possessing the firearm on the day of his arrest. Thus, there was ample evidence upon which a rational jury could convict Henderson of possession of a firearm. To the extent that Henderson seeks to challenge the credibility determinations made by the jury regarding witnesses, such as by raising issues relating to witness bias, the tinting of the van windows, and Henderson's familiarity with the neighborhood in which he was arrested, this court's role in ruling on post-trial motions is not to second-guess the jury's credibility determinations. *Galati*, 230 F.3d at 258 (stating that "[i]n assessing the sufficiency of the evidence, the court will not re-weigh the evidence or judge the credibility of witnesses" and "[a]s long as there is a reasonable basis in the record for the jury's verdict, it must stand"). Henderson has not shown that there is no reasonable basis in the record to support the jury's verdict. Therefore, based on the above, the motion for a judgment of acquittal is denied.

## CONCLUSION

Based on the foregoing analysis, the motion for an acquittal is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 6, 2012